IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**ERIC DEJUAN JONES, #50222**                                                                 **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO.  3:06cv377HTW-LRA**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS**                                        **DEFENDANT**

## MEMORANDUM OPINION AND ORDER
## DISMISSING THE PLAINTIFF'S COMPLAINT

The Plaintiff, as an inmate of the Mississippi Department of Corrections (MDOC), filed

this complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status.  On July 14,

2006, two orders were entered in this case.  One order advised the Plaintiff of the Prison

Litigation Reform Act (PLRA) and directed the Plaintiff to sign and return an

Acknowledgment of Receipt and Certification (Form PSP-3), if he wished to continue with

this lawsuit or a Notice of Voluntary Dismissal (Form PSP-4), if he did not wish to continue with

this lawsuit, within thirty days.  The second order directed the Plaintiff to file a completed <u>in</u>

<u>forma</u> <u>pauperis</u> application, within thirty days.  The Plaintiff failed to comply with both of

these orders.  The Plaintiff was warned in these Court's orders that his failure to timely

comply with the requirements of the orders may lead to the dismissal of his complaint.

On September 11,  2006, an order was entered directing the Plaintiff to show cause, within

fifteen days, why this case should not be dismissed for his failure to comply with the Court's July

14, 2006 orders.  In addition, the Plaintiff was directed to comply with the July 14, 2006 orders

by filing the required documents, within fifteen days.  The Plaintiff was warned in this show

cause order that failure to keep this Court informed of his current address or a failure to timely

comply with the requirements of the order would lead to the dismissal of his complaint.  The

Plaintiff failed to comply with this show cause order.

On October 17, 2006, a second order to show cause was entered.  The Plaintiff was

directed to show cause why this case should not be dismissed for failure to comply with two

court orders.  The Plaintiff was directed to file his response within fifteen days.  The Plaintiff was

also ordered to comply with the Court's July 14, 2006 orders, within fifteen days.  The Plaintiff

was warned in this second show cause order that failure to keep this Court informed of his

current address or a failure to timely comply with the requirements of the order would lead to the

dismissal of his complaint without further notice.

The Plaintiff has failed to comply with three Court orders.   It is apparent from the

Plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute

under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to

dismiss the action *sua sponte*.  *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Larson v.*

*Scott*, 157 F.3d 1030 (5th Cir.1998);  *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).

The Court must be able to clear its calendars of cases that remain dormant because of the inaction

or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious

disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent

undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the

Court.  *Id*. at 629-30.

The Plaintiff has not complied with three court orders, nor has he contacted this Court

since July 13, 2006.  The Court concludes that dismissal of this action for Plaintiff's failure to

prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper.  Since the

Defendant has never been called upon to respond to the Plaintiff's pleading and since the Court

has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide

that dismissal is without prejudice.  *See Munday/Elkins Automotive Partners, LTD. v. Smith*, No.

05-31009, 2006 WL 2852389, at \*2 (5th Cir. Oct. 2, 2006).

     A Final Judgment in accordance with this Memorandum Opinion and Order will be

entered.

     SO ORDERED AND ADJUDGED this the 27th day of February, 2007.

                    s/ HENRY T. WINGATE
                    CHIEF UNITED STATES DISTRICT JUDGE